IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ELIZABETH HONESTO, ELAINE CHARLES and LARRY CHARLES<br>*Plaintiffs*<br><br>v.<br><br>NATHANIEL ALABA, ROYAPEC GLOBAL LLC, OFF MAX LOGISTICS LLC, LOHI LOGISTICS, LLC, FIFTH FLOOR FREIGHT, LLC, HALLIBURTON ENERGY SERVICES, INC.<br><br>*Defendants* | §§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. 5:23-cv-1549 |

### DEFENDANT LOHI LOGISTICS, LLC'S
### NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT**:

COMES NOW Defendant LoHi Logistics, LLC ("LoHi"), and files this Notice of Removal, removing this case from the 150th Judicial District Court of Bexar County, Texas, to this Court pursuant to federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1337. In support hereof, this Defendant would respectfully show the Court the following:

**A. Introduction**

Pursuant to 28 U.S.C. §§ 1331, 1337, 1441 and 1446, LoHi Logistics, LLC ("LoHi"), gives notice of removal of this case from the 150th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, respectfully submitting the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal."

1

B. **Background and Applicable Procedural Requirements**

1. On November 20, 2023, Plaintiffs Elizabeth Honesto; Elaine Charles and Larry Charles filed a First Amended Petition in the 150th Judicial District Court of Bexar County, Texas, as Cause No. 2023-CI-10784, styled *Elizabeth Honesto, et al. v. Nathaniel Alaba, et al*. (the "First Amended Petition").

2. Plaintiffs first named LoHi as a defendant in their First Amended Petition. LoHi received notice of the lawsuit when it was served on November 28, 2023. Therefore, this Notice of Removal is timely filed because it is within 30 days after receipt by LoHi of the initial pleading setting forth the claims for relief, as required by 28 U.S.C. §1446(b). (**Exhibit A**).

3. Plaintiffs allege in the First Amended Petition that they were injured as a result of an accident that occurred on January 5, 2022, in Bexar County. Plaintiffs' lawsuit is not a beacon of clarity. It does not seek to distinguish or parse out the roles of the defendants. However, in Paragraph 17 Plaintiffs argue that LoHi negligently "hir[ed]", etc. an entity to serve as the motor carrier. This is the essence of the logistics services that a freight broker provides.

4. LoHi is only authorized by the federal government to act as a freight broker. Attached as **Exhibit B** is a copy of LoHi's broker authority issued by the Federal Motor Carrier Safety Administration ("FMCSA"). Halliburton Energy Services, Inc., one of the other defendants, also has freight brokerage authority. To the extent that Plaintiffs seek to hold LoHi liable for its activities arranging the intrastate transportation of freight, those allegations must as a matter of fact and law be directed at LoHi because of its brokerage services. Attached as **Exhibit C** is the declaration of Robert Moore confirming that LoHi brokered the intrastate movement of freight within Texas. Because LoHi only operates in its capacity as a broker, Plaintiffs can only be holding LoHi liable for activities undertaken as a broker.

**C. This Case Involves the Original Jurisdiction of this Court and Thus Subject to Removal under 28 U.S.C. § 1331.**

5. This Court has original jurisdiction over this action. Thus, this case is removable to this Court under the jurisdictional grant set forth in 28 U.S.C. § 1331.

6. Plaintiffs allege negligence-based claims against LoHi and these claims arise out of alleged personal injuries. As pled by Plaintiffs, the claims arise from LoHi's services as a licensed freight broker arranging for the transportation of goods by motor carrier.

7. Removal is proper because LoHi is a licensed freight broker that arranges the transportation of goods through both intrastate and interstate commerce, and the claims advanced relate to the services provided by LoHi. The power of the states to regulate the intrastate and interstate transportation of goods is expressly constrained by the Federal Aviation Administration Authorization Act ("FAAAA"), which provides, in pertinent part:

> *a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a* price, route, or *service of* any motor carrier ... or any motor private carrier, *broker*, or freight forwarder *with respect to the transportation of property . . . .*

See 49 U.S.C. § 14501(c)(1) (emphasis added) and 49 U.S.C. § 14501(b)(1). The FAAAA expressly preempts state law claims against freight brokers. Consequently, the claims against a defendant freight broker raise a federal question pursuant to 28 U.S.C.A. § 1331. Specifically, the claims advanced against LoHi are nothing more than an attempt at regulating the "services" offered by a freight broker, *i.e.*, how it chooses a carrier for the transportation of goods through intrastate/interstate commerce. See 49 C.F.R. 371.2(c) (defining freight broker service as: "Brokerage or brokerage service is the arranging of transportation or the physical movement of a motor vehicle or of property."). Even though the claims advanced by Plaintiffs against LoHi sound in state law, those claims fall within the category of claims preempted by 49 U.S.C. § 14501(c)(1) and 49 U.S.C. § 14501(b)(1), because "[s]tate common law counts as an 'other provision having

the force and effect of law.'"  *See Non Typical, Inc. v. Transglobal Logistics Grp. Inc.*, Nos. 10–C–1058, 11–C–0156, 2012 WL 1910076, at *2 (E.D. Wis. May 28, 2012) (citing *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 233 n. 8 (1995); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 388 (1992)).

8.  The regulation of services provided by a freight broker in interstate and intrastate commerce has been completely preempted by the express language of 49 U.S.C. § 14501(c)(1) and 49 U.S.C. § 14501(b)(1).  Under the Interstate Commerce Act, a freight broker is:

> a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation.

49 U.S.C. § 13102(2).  In turn, the term "transportation" includes:

> (A) a motor vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use; and
>
> (B) *services related to that movement, including arranging for*, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.

49 U.S.C. § 13102(23) (emphasis added).  As the statutory language makes clear, the "services" provided by a freight broker are those of arranging for the transportation of goods via motor carriers.  *See* 49 C.F.R. § 371.2.  The claims advanced in the instant litigation against LoHi seek to regulate those "services" by imposing a heightened standard of care defined under state common law.  Under the doctrine of complete preemption, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be

4

removed to federal court." *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2013). Congress has expressly displaced all state law claims seeking to regulate the manner in which freight brokers select motor carriers.

9. This civil action is slightly nuanced in that it advances personal injury claims, as opposed to property damage claims, but there is no doctrinal reason for a different result. *See Leonard v. Tejas Materials, Inc.*, 2020 WL 4287580 (S.D. Tex. July 24, 2020). Although property damage claims are routinely removed around the country under the foregoing statute, the preemption of negligence-based claims against freight brokers is not a new or foreign concept in the district courts making up the Fifth Circuit. *See, e.g.*, *Chatelaine, Inc. v. Twin Modal, Inc.*, 737 F.Supp.2d 638 (N.D. Tex. 2010).

10. The following cases have found no doctrinal distinction for treating personal injury claims against a freight broker any different from property damage claims against a freight broker:

a. *Volkova v. C.H. Robinson Co.*, 2018 WL 741441 (N.D.Ill. Feb. 7, 2018);

b. *Krauss v. IRIS USA, Inc.*, 2018 WL 2063839 (E.D. Penn. May 3, 2018) (A case that relied in part on *Volkova* to find that personal injury claims against a freight broker are preempted);

c. *Krauss v. IRIS USA, Inc.*, 2018 WL 3632107 (E.D. Penn. July 31, 2018) (The court addressed the same issue on reconsideration and affirmed);

d. *Creagan v. Wal-Mart Transp., LLC*, 354 F.Supp.3d 808 (N.D. Ohio 2018);

e. *Loyd v. Paul Salazar d/b/a RAS Trucking*, 2019 WL 4577108 (W.D. Okla. Sept. 20, 2019);

f. *Jackson v. Stevie Trucking Corp.*, Case No. 2019-4634, Civil District Court for the Parish of Orleans, State of Louisiana;

g. *Simpson, et. al. v. Omega Precision, Inc., et. al.*, Case No. 34-2017-00210287, Superior Court of the State of California, County of Sacramento;

h. *Gillum v. High Standard, LLC*, Civil Action No. SA-19-CV-1378-XR (W.D. Tex. Jan. 27, 2020) (holding a personal injury claim to be preempted);

    i.    *Zamorano v. Zyna LLC*, Civil Action No. SA-20-00151-XR (W.D. Tex. May 11, 2020) (holding a personal injury claim to be preempted);;

    j.    *Estate of Flanagan v. BNSF Railway Co.*, 1:21-cv-00014 (S.D. Iowa Nov. 19, 2021);

    k.    *Gauthier v. Hard to Stop LLC*, No.: 6:20-cv-93, 2022 WL 344557 (S.D. Georgia, Feb. 4, 2022);

    l.    *Lee v. Werner Enterprises, Inc.*, Civil Action No. 3:22-cv-91 (N.D. Ohio, Nov. 3, 2022).

    m.    *McCarter v. Ziyar Express, Inc., et al.*, 2023 WL 144844 (N.D. Ohio, January 10, 2023);

    n.    *Derouen v. Swan Transportation Services, Ltd.*, Case 1:23-cv-00193-LY (W.D. Tex. March 21, 2023);

    o.    *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261 (11th Cir. 2023);

    p.    *Ye v. GlobalTranz Enterprises, Inc.*, No. 22-1805, 2023 WL 4567097, at *1 (7th Cir. July 18, 2023);

    q.    *Tischauser, et al v. Donnelly Transportation, Inc., et al*, 2023 WL 8436321 (E.D. Wis. Dec. 5, 2023); and

    r.    *Lee v. Golf Transportation, Inc.*, et al, Case 3:21-cv-01948 (M.D. Penn. Nov. 7, 2023) (Attached hereto as Exhibit A)

All of the foregoing cases have found that negligence-based claims against a freight broker arising from alleged personal injuries are preempted as a matter of federal statutory law.

    11.    Indeed, the Western District of Texas recently found that negligence-based claims against a freight broker are preempted by the FAAAA and subject to removal. *Gillum v. High Standard, LLC*, No. SA-19-CV-1378-XR, 2020 WL 444371, at *5-6 (W.D. Tex. Jan. 27, 2020); *see also Zamorano v. Zyna LLC*, No. SA-20-CV-00151-XR, 2020 WL 2316061, at *5 (W.D. Tex. May 11, 2020). This result was recently followed by another judge in the Western District of Texas. *See Derouen et al. v. Swan Transportation Services, Ltd. et al.*, Case 1:23-cv-00193-LY

(W.D. Tex. March 21, 2023).

12. In *Gillum*, the court addressed claims identical to those in the current case. In that case, the plaintiff sued a driver, several trucking companies, and a freight broker. The court held the claims against the broker were preempted by federal law and removal was proper before remanding the matter back to state court to address the claims against the remaining defendants. The court recognized that the claims made by the plaintiff related to the services provided by a broker: "In essence, Plaintiff claims that [the broker] was negligent in arranging for the transportation of property between motor carriers. These allegations 'go to the core of what it means to be a careful broker.'" *Gillum* 2020 WL 444371 *at *8* (quoting *Krauss v. IRIS USA, Inc.*, 2018 WL 2063839, at *5 (E.D. Pa. May 3, 2018)). A claim against a freight broker under a negligent hiring theory, based upon the selection of a carrier is completely preempted under the FAAAA. *See id*; *see also Georgia Nut Co. v. C.H. Robinson Co.*, No. 17 C 3018, 2017 WL 4864857 (N.D. Ill. Oct. 26, 2017).

13. In upholding the preemption afforded freight brokers, Judge Rodriguez in *Gillum* methodically took apart the common arguments made by plaintiffs in fighting the enforcement of federal preemption. *See Gillum*, 2020 WL 444371, at * 7-13.

14. The same conclusion was reached by a judge in the Southern District of Texas in a personal injury case, who found that negligence-based claims against a freight broker were potentially preempted by the FAAAA and that preemption provided a basis for removal. *See Leonard v. Tejas Materials, Inc.*, 2020 WL 4287580 (S.D. Tex. July 24, 2020) and *see also Enbridge Energy, LP v. Imperial Freight Inc.*, Case No. H-14-2615, 2019 WL 1858881, at *2 (S.D. Tex. April 25, 2019) (a cargo damage case where the Court found that those claims were preempted by the FAAAA).

15. As mentioned above, a similar result was achieved in California state court on October 16, 2017. *See Simpson v. Omega Precision, Inc.*, Case No. 34-2017-00210287, Superior Court of the State of California, County of Sacramento (opinion attached as **Exhibit D**). In that case, a freight broker was sued by the family of a driver of a retained motor carrier who was severely injured (and later died) while loading cargo onto his truck. The decedent's family sued the freight broker on a theory of negligence. The freight broker moved to dismiss the action arguing that the claims were preempted. After briefing and oral argument, the Court agreed that the claims against the freight broker were expressly preempted finding that:

> A freight broker is not a motor carrier. The broker does not control the means by which the motor carrier completes its task. At no time does the broker have care, custody or control over the cargo or the means of transportation. The preemption set forth in 49 U.S.C. § 14501(c)(1) provides statutory protection in recognition of the broker's limited role.

*Id.*

16. Likewise, a Louisiana state court issued a judgment on October 11, 2019, upholding preemption in a case arising from an accident that allegedly resulted in two fatalities. *See Jackson v. Stevie Trucking Corp.*, Case No. 2019-4634, Civil District Court for the Parish of Orleans, State of Louisiana (judgment attached as **Exhibit E**). In that case, a freight broker was sued by the minor child of an individual who was allegedly killed by a retained motor carrier. The decedent's family sued the freight broker on a theory of negligence. The freight broker moved to dismiss the action arguing that the claims were preempted. After briefing and oral argument, the Court agreed that the claims against the freight broker were expressly preempted finding that "all negligence-based claims against a freight broker . . . are preempted by 49 U.S.C. § 14501(c)(1)." *Id.*

17. The same conclusion was recently reached in the Southern District of Iowa in *Flanagan v. BNSF Railway Co.*, No. 1:21-cv-00014-RGE-HCA, (S.D. Iowa, (November 19, 2021)

(**Exhibit F**); in the Northern District of Georgia in *Gauthier v. Hard to Stop LLC*, No.: 6:20-cv-93, 2022 WL 344557 (S.D. Georgia, Feb. 4, 2022) (**Exhibit G**); in *Lee v. Werner Enterprises, Inc.*, Civil Action No. 3:22-cv-91 (N.D. Ohio, Nov. 3, 2022) (**Exhibit H**); in *McCarter v. Ziyar Express, Inc., et al.*, 2023 WL 144844 (N.D. Ohio, January 10, 2023) (**Exhibit I**); and in *Derouen et al. v. Swan Transportation Services, Ltd. et al.*, Case 1:23-cv-00193-LY (W.D. Tex. March 21, 2023) (**Exhibit J**).  These cases and others referenced above support the proposition that the instant alleged personal injury claims are preempted by federal statute and subject to removal.

18.    In addition, the weight of federal appellate court jurisprudence supports the notion that negligence based claims against freight brokers are preempted.  *See Ye*, 2023 WL 4567097, and *Aspen*, 65 F.4th 1261 (11th Cir. 2023).

19.    There is no Fifth Circuit jurisprudence finding that removal on these grounds is not allowed, thus this removal is made in good faith.  As such, removal of this action is proper under 28 U.S.C. § 1441 because this is a civil action brought in state court over which the federal district courts would have had original jurisdiction had the action been commenced in federal court.

19.    Additionally, civil actions are removable pursuant to 28 U.S.C. § 1331 without regard for the citizenship of the parties or the amount in controversy.  *See* 28 U.S.C. § 1441.

20.    This matter is therefore removable under 28 U.S.C. § 1441 in that it is a civil action over which the United States District Court for the Westen District of Texas has original subject matter jurisdiction under 28 U.S.C. § 1331.

**D.    This Case Involves the Original Jurisdiction of this Court and Thus Subject to Removal under 28 U.S.C. § 1337.**

21.    As an additional ground, 28 U.S.C. § 1337 supports removal because the claims advanced by Plaintiffs arise under an "Act of Congress regulating commerce or protecting trade and commerce against restraints . . . ."  Freight brokers are transportation intermediaries created

9

by Congress and state-based claims that seek to enforce a state-law defined standard of care should be viewed as attempts at restraining commerce.

22. As this Court knows, "[f]ederal question jurisdiction exists if the well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)). The first path, in which federal law creates the cause of action, is the most common path to federal-question jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The second path, in which the well-pleaded complaint raises "significant federal issues," *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), is much less common. The United States Supreme Court recently explained the second path to federal-question jurisdiction as follows: "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (interpreting *Grable*).

23. In connection with the foregoing, the instant dispute against a federally licensed freight broker arising from its licensed activities fits this second path as well. More particularly:

(1) Plaintiffs' right to relief necessarily depends on the resolution of a substantial question of federal law, i.e., the appropriate standard of care when selecting federally licensed motor carriers.

(2) Plaintiffs' allegations invoking state law negligence claims represent a dispute as to the effect and breadth of federal law as it concerns freight brokers and the services they offer.

(3) The federal issue is substantial because if Plaintiffs are correct that state law applies, freight brokers by necessity must conform to a patchwork of state

       law based duties of care when selecting federally licensed motor carriers to haul freight through interstate/intrastate commerce.

  (4)  To the extent this Court may enforce the intent of Congress to constrain the power of the states to regulate the interstate/intrastate transportation of goods as expressly provided by the ICCTA, this does not disrupt the federal/state balance approved by Congress.

**E.**  **Venue is Proper in This Court and the Effectuation of Removal.**

24.  Venue is proper in this Court pursuant to 28 U.S.C. §1446(a), as the District Court for the Western District of Texas, San Antonio Division, is the district and division within which the State Court Action is pending.

25.  LoHi hereby removes this matter to the United States District Court for the Western District of Texas, San Antonio Division.

26.  LoHi is alleged to have acted as a freight broker in connection with the intrastate transaction that is the subject of this action and is consequently entitled to invoke the above-referenced provision, 49 U.S.C. §14501(b)(1). LoHi is not obligated to seek the consent of any non-freight broker defendant in connection with this Notice of Removal. *See* 28 U.S.C. § 1441(c)(2) ("Only defendants against whom a claim described in paragraph (1)(A) [original jurisdiction] has been asserted are required to join in or consent to the removal under paragraph (1)"). The only defendant that also serves as a freight broker is Halliburton. Halliburton has consented to this removal. (**Exhibit K**).

27.  Nonetheless, LoHi has also obtained consent from all other defendants in this action. (**Exhibits K and L**).

28.  The jurisdictional allegations of this Notice were true at the time the State Court Action was commenced against this Defendant and remain true as of the date of filing of this Notice of Removal.

11

29. In addition, pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a Notice of Filing Removal with a copy of this Notice of Removal in the State Court Action.

30. By virtue of this Notice of Removal, LoHi does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure. Further, LoHi reserves the right to submit additional evidence and assert supplemental grounds in support of removal as appropriate in future circumstances.

31. Plaintiffs did demand a trial by jury in the State Court Action.

32. Accompanying this Notice of Removal is a copy of the Plaintiffs' First Amended Petition and the attached receipt documents, which are all the process, pleadings, and orders served upon Defendant in the State Court Action, in accordance with 28 U.S.C. § 1446, identified and incorporated herein as **Exhibit A**. Defendant has requested a copy of the complete State Court record and will file those documents when received from the State Court.

33. Defendant has tendered the filing fee to the Clerk of the United States District Court for the Western District of Texas, San Antonio Division, along with the original Notice of Removal. A copy of this Notice of Removal is also being filed in the District Court of Bexar County, Texas, and all counsel of record are being provided with complete copies.

34. Accordingly, Defendant LoHi respectfully prays that this action be removed to the United States District Court, Western District of Texas, San Antonio Division.

Respectfully submitted,

**FARMER, HOUSE, OSUNA & OLVERA**
411 Heimer Road
San Antonio, Texas 78232-4854
Telephone: (210) 377-1990
Facsimile: (210) 377-1065

By: */S/ Nicholas A. Parma*

**Edward L. Osuna**
State Bar No. 15339460
Email: eosuna@satx.law
**Nicholas A. Parma**
State Bar No. 24007807
Email: nparma@satx.law

*Attorneys for Defendant LoHi Logistics, LLC*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing pleading on December 22, 2023, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Western District of Texas, Austin Division.

Andrew L. Smith
Thomas J. Henry Injury Attorneys
521 Starr Street
Corpus Christi, Texas 78401
*Attorney for Plaintiffs*

Jeffrey H. Ray
RAY PENA McCHRISTIAN P.C.
9601 U.S. Highway 281 N., Suite 901
San Antonio, TX 78216
*Attorney for Defendant Halliburton Energy Services, Inc.*

Larry J. Goldman
GOLDMAN AND PETERSON PLLC
10100 Reunion Place, Suite 800
San Antonio, TX 78216
*Attorney for Defendants Nathaniel Alaba, Royapec Global LLC and Off Max Logistics, LLC*

/S/ Nicholas A. Parma
**Edward L. Osuna / Nicholas A. Parma**