FILED
June 10, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ NM _____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ELIZABETH HONESTO, et. al.** § | |
| **Plaintiffs,** § | |
| v. § | CIVIL NO. 5:23-CV-1549-OLG |
| **LOHI LOGISTICS, LLC, et. al.** § | |
| **Defendants.** § | |

# ORDER

Pending before the Court is Plaintiff Honesto's Motion to Remand. Docket nos. 10, 12. Defendant LoHi has responded. Docket no. 11, 13. After reviewing the record and applicable law, the Court finds that Plaintiff Honesto's Motion to Remand (docket no. 10) should be granted.

On or about January 5, 2022, Defendant, Nathaniel Alaba, struck a vehicle driven by Plaintiff, Elizabeth Honesto. Plaintiffs allege that Nathaniel Alaba was operating a 2016 Peterbilt Tractor in the course and scope of his employment with Defendants. Plaintiffs further allege that Defendants had a duty to vet Mr. Alaba for employment, train him to perform his job safely, and properly supervise him to ensure that he was following company policies and procedures and that he was safely doing his job. Defendant LoHi was a broker of the load being transported by Mr. Alaba. Plaintiffs allege that despite its status as a broker, Defendant LoHi exerted such direction and control over transportation details to qualify as a motor carrier and/or the statutory employer. Defendant LoHi asserts that its status as a broker under the FAAAA preempts common law negligence claims and shields LoHi from liability.

Plaintiffs filed their case in state court alleging negligence and gross negligence, but Defendant LoHi removed the case to this Court on the basis that (1) the plaintiff's claim arises under federal law, and (2) the claims arise under an act of Congress that regulates commerce or protects trade and commerce against restraints. (Dkt. No. 1). In other words, Defendant LoHi claims the Court has federal question jurisdiction.

28 U.S.C. § 1441 allows the removal of civil actions brought in state courts where federal district courts have original jurisdiction. 28 U.S.C. §1441(a). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over cases that arise under the Constitutional, laws, or treaties of the United States.

Federal courts are courts of limited jurisdiction and only possess power authorized by the Constitution and statutes. *Gunn v. Minton.* 568 U.S. 251, 256 (2013). Federal courts presume that a case lies outside its jurisdiction, and the party seeking removal bears the burden of proving otherwise. *Energy Mgmt. Servs., LLC v. City of Alexandria,* 739 F.3d 255, 257 (5th Cir. 2014). Any ambiguities in the law are construed in favor of remand to state court. *Scarlott v. Nissan N. Am., Inc.,* 771 F.3d 883, 887 (5th Cir. 2014).

Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction is proper if the complaint establishes either (1) federal law creating the cause of action, or (2) the plaintiff's

relief depends on the resolution of a question of federal law. *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016).

Preemption is not a matter presented on the face of a complaint if it is being used as a defense. However, federal jurisdiction could exist when there is complete preemption. *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 585 (5th Cir. 2022). Complete preemption is triggered when the preemptive force of a statute is so strong it converts a state common law claim to a federal claim. *Spear Mktg, Inc. v. BancorpSouth Bank*, 844 F.3d 464, 467 n.3 (5th Cir. 2016). Defendant LoHi argues that the FAAAA completely preempts state law claims against freight brokers, such that they arise under federal law. (Dkt. No. 1). Defendant relies upon 49 U.S.C. § 14501 (b)(1), which provides:

> a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier ... or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

LoHi claims that this provision expressly preempts state law claims against freight brokers and a claim against a freight broker raises a federal question pursuant to 28 U.S.C.A. §1331. (Dkt. No. 1 at 3). Federal preemption is ordinarily a defense to the plaintiff's suit and does not support federal question jurisdiction. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Here, Defendant is confusing "ordinary" preemption with "complete" preemption. Ordinary preemption is an affirmative defense that a defendant can invoke to defeat a state law claim. *Spear*, 844 F.3d at 467 n.3. Complete preemption is a narrow exception to the well-pleaded complaint rule and creates federal

3

jurisdiction if Congress "completely pre-empts a particular area such that any civil complaint raising the select group of claims is necessarily federal in character." *Metro. Life Ins.*, 481 U.S. at 63-64. Complete preemption recharacterizes a state law claim as a federal claim because Congress intended an exclusive federal cause of action. *Fayard v. Ne. Vehicle Serv., LLC*, 533 F.3d 42, 45 (1st Cir. 2008). This has only been recognized by the Supreme Court in three areas: 1) labor contracts, (2) Employee Retirement Income Security Act, and (3) usury claims against federally charted banks. *Fayard*, 533 F.3d at 45.

There is a split within the Fifth Circuit and within this District on FAAAA preemption, but after thorough analysis, the Court finds that common law tort claims are not completely preempted by the FAAAA. *See e.g.*, *Ubaldo v. F&A Border Transport, LLC*, No. EP-24-CV-47-KC, 2024 WL 190545, at *3-6 (W.D. Tex. May 1, 2024) (rejecting LoHi's argument of complete preemption); *Nesbitt v. Moonlight Logistics, Inc.*, No. 23-CV-181-OLG-HJB, 2023 WL 4535480, at *3 (W.D. Tex. June 20, 2023) (rejecting complete preemption); *Reyes v. Martinez*, No. EP-21-CV-00069-DCG, 2021 WL 2177252, at *7 (W.D. Tex. May 28, 2021) (rejecting preemption); *Lopez v. Amazon Logistics, Inc.*, 458 F. Supp. 3d 505, 516 (N.D. Tex. 2020) (holding negligence and negligent-hiring claims are not preempted); *contra Gillum v. High Standard, LLC.* No SA-19-CV-1378-XR, 2020 WL 444371, at *5 (W.D. Tex. 2020) (finding preemption).

For a federal statute to completely preempt a state law, it must meet three conditions: (1) contain a civil enforcement provision that creates a cause of action that

4

both replaces and protects the analogous area of state law; (2) a specific jurisdictional grant to the federal courts to hear that cause of action; and (3) a clear congressional intent that the federal cause of action be exclusive. *Mitchell*, 28 F.4th at 585. In this case, §14501 does not provide a cause of action. *Torres v. Minnaar*, No. 4:23-CV-486-SDJ, 2024 WL 778383, at *5-6 (E.D. Tex. Feb. 26, 2024) (explaining that §14501 does not contain a provision that creates a cause of action); *Ubaldo*, 2024 WL 1904545, at *3 ("The plain language of the FAAAA does not create a federal cause of action, much less one that 'wholly displaces the state-law cause of action' within its own scheme of remedies and procedures"); *Nesbitt*, 2023 WL 4535480, at *3 ("Section 14501, however, does not contain *any* cause of action, let alone one that meets the complete-preemption standard.").

Because the FAAAA does not meet the prerequisites for complete preemption, and therefore cannot create federal question jurisdiction, § 14501 is, at most, an affirmative defense. *See Torres*, 2024 WL 778383, at *3 (courts must avoid confusing complete preemption with ordinary or defensive preemption); *Malone v. Russell*, No. 3:23-CV-1-S, 2023 WL 3854265 at *3-4 (N.D. Tex. 2023) ("unlike complete preemption, 'defensive preemption does not create federal jurisdiction'"). Further, even if a plaintiff brings state law claims that implicate federal law, those claims alone do not satisfy federal jurisdiction. *See Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 242 (5th Cir. 2022).

Defendant's use of the FAAAA does not give rise to federal question jurisdiction; it is only implicated as an affirmative defense. The state tort claims are

not completely preempted by the FAAAA, and this Court does not have subject matter jurisdiction to hear this case.

It is therefore ORDERED that Plaintiff Honesto's Motion to Remand (docket no. 10) is GRANTED and this case is immediately REMANDED to the 150th Judicial District Court, Bexar County, Texas. This case may be closed upon remand.

SIGNED this _____ day of June, 2024.

_____
ORLANDO L. GARCIA
United States District Judge